UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IDELFONZO GARCIA-ORDONEZ,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

Case No. 8:05-CV-2349-T-27TBM
Crim. Case No. 8:05-CR-55-T-27TBM

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1) and the Government's Response in Opposition (Dkt. 7). The Motion is DENIED.

Petitioner was charged in a two count Indictment with illegal reentry having previously been deported (Count One) and knowingly and willfully attempting to possess with intent to distribute 500 grams or more of cocaine (Count Two). (CR Dkt. 8). On April 5, 2005, Petitioner pled guilty to both counts. (CR Dkt. 14). On July 5, 2005, he was sentenced to 24 months imprisonment on Count One and 63 months imprisonment on Count Two, those terms to run concurrent. (CR Dkt. 18, 19). In his Petition, he alleges that he was "fraudulently induced" to plead guilty, "against [his] will" and that he was "forced to plead guilty in this sham legislative." (CV Dkt. 1). He complains that his attorney never advised him that he could appeal his sentence and erroneously advised him to "waive" his right to appeal. Petitioner further contends that the district court committed "clear error" by sentencing him under "mandatory" guidelines, contrary to *United States v. Booker*, 543 U.S. 220 (2005).

Finally, he contends that the Court erred in enhancing his offense level based on his prior felony conviction.

### *Fraudulently Induced and Forced Guilty Plea*

The Magistrate Judge conducted a thorough Rule 11 colloquy during which Petitioner confirmed on four occasions his desire to plead guilty. (CR Dkt. 22, pp. 8, 13, 17, 33-34). He confirmed that he had not been promised anything to induce him to plead guilty, that there had been no threats made against him or his family to induce him to plead guilty and that he was satisfied with the services he received from his attorney. (CR Dkt. 22, pp. 18-19). The Magistrate Judge concluded that Petitioner understood the charges, the potential punishment, the rights he was waiving by pleading guilty and that his guilty plea was made "freely and voluntarily with an understanding of the consequences." (CR Dkt. 22, p. 34).

The plea colloquy conclusively refutes Petitioner's contention that he was in some way fraudulently induced or forced to plead guilty against his will and consent under threat. Petitioner confirmed under oath during his plea colloquy he had not been promised anything to induce him to plead guilty, that there had been no threats made against him or his family to induce him to plead guilty and that he was satisfied with the services he received from his attorney. (CR Dkt. 22, pp. 18-19). These sworn statements are presumed to be true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). They present a "formidable barrier" in this collateral proceeding. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Accordingly, Petitioner's first claim is DENIED.

### *Attorney Ineffective for Failing to Advise of Right to Appeal and Rendered Ineffective Assistance by Advising Petitioner to Waive His Right to Appeal*

Petitioner's contentions are obviously inconsistent. If he had a discussion concerning his right to appeal and his attorney advised him against appealing, clearly Petitioner was aware that he

 

had a right to appeal. Moreover, the Court expressly advised Petitioner of his right to appeal the judgment and sentence. (CR Dkt. 23, p. 7). Petitioner clearly was advised of and aware of his right to appeal.

To the extent petitioner contends that his attorney was ineffective in advising him to waive his right to appeal, that contention is without merit. By making a claim of ineffective assistance, he waives his attorney client privilege to the extent that the claim relates to communications that would otherwise be protected. *See Johnson v. Alabama*, 256 F.3d 1156, 1178-79 (11th Cir. 2001). Attached to the Government's response in opposition is a July 6, 2005 letter from Petitioner's attorney to him confirming that Petitioner did not wish to appeal his sentence and that his attorney agreed with that decision. (CV Dkt. 7-2).

Here, it is apparent that Petitioner and counsel discussed his right to appeal and that Petitioner exercised his right not to appeal with which his attorney agreed. This is not a case, therefore, where an attorney did not consult with the client about his right to appeal. Moreover, counsel's correspondence refutes Petitioner's contention that his attorney did not advise him of his right to appeal and the contradictory contention that his attorney was ineffective in advising him not to appeal.

A defendant claiming ineffective assistance of counsel must establish that counsel's representation "fell below an objective standard of reasonableness" and that counsel's "deficient performance prejudiced that defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Because a lawyer is presumed to be competent in assisting a defendant, the burden is on the defendant to demonstrate the denial of effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). In that regard, "judicial scrutiny of counsel's performance must be highly

deferential." *Strickland,* 466 U.S. at 689-90. Failure to perfect an appeal after having been instructed to do so constitutes ineffective assistance of counsel. *Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000). Prejudice is presumed when an attorney fails to follow the express instructions from a client to appeal. *Gomez-Diaz v. United States,* 433 F.3d 788, 790 (11th Cir. 2005).

Counsel has a constitutionally imposed duty to confer with a defendant about the defendant's right to appeal when there is reason to think either that a rational defendant would want to appeal or the particular defendant reasonably demonstrates to counsel that the defendant wants to appeal. *Flores-Ortega,* 528 U.S. at 479-80.

Petitioner's contention that his attorney did not inform him that he had a right to appeal is flatly contradicted by Petitioner's assertion that his attorney "erroneously" advised him not to appeal. (CV Dkt. 1, p. 7). Likewise, Petitioner's contention that his attorney "erroneously" advised him not to file an appeal is flatly contradicted by his assertion that his attorney failed to inform him that he had the right to appeal. Under these circumstances, it is apparent that petitioner has no claim whatsoever concerning whether ineffective assistance of counsel deprived him of his right to appeal. The record reflects that Petitioner was advised of his right to appeal by the district court and that he discussed his right to appeal with his attorney who understood and agreed with Petitioner's decision not to appeal. Petitioner does not contend that his attorney failed to follow his express instructions to appeal.[1]

Counsel's agreement with Petitioner's decision not to appeal is facially reasonable. Petitioner was sentenced to concurrent terms of imprisonment within the advisory guidelines based on

---

[1] Significantly, the Magistrate Judge afforded Petitioner the opportunity to reply to the Government's opposition (and counsel's correspondence confirming that Petitioner had decided not to appeal) (CV Dkt. 8), but Petitioner has not done so.

undisputed facts, consistent with *United States v. Booker, supra.* Petitioner has not identified any meritorious arguments that may have warranted relief if they had been presented on direct appeal. His claims of ineffective assistance of counsel are appropriately DENIED.

### *Booker Error*

Petitioner contends that the district court erred by sentencing him under "mandatory" guidelines, contrary to *United States v. Booker, supra.* The sentencing transcript conclusively refutes Petitioner's contention. At sentencing, the Court recognized that the sentencing guidelines were advisory in light of *Booker*, and explained that it had considered matters raised during sentencing, including the advisory sentencing guideline range and the sentencing factors set forth in 18 U.S.C. § 3353(a), (CR Dkt. 19; CR Dkt. 23, pp. 5-6). The Court did not, contrary to Petitioner's contention, sentence him under a "mandatory" guideline system. Petitioner's *Booker* claims are therefore without merit.

### *Error in Offense Level Enhancement*

Finally, Petitioner contends that there was "constitution error" [sic] in enhancing his offense level based on his prior felony conviction. He offers no explanation or factual argument in support of this contention. The advisory guideline range was determined by the Court to be based on a total Offense Level of 23 and Criminal History Category of II. His prior offenses were properly scored and Petitioner did not voice any objection to the application of the advisory guidelines. Petitioner's contention in this regard is without merit.

### *Conclusion*

Petitioner is not entitled to an evidentiary hearing. The record conclusively refutes his contentions that his guilty plea was involuntary, that his attorney did not advise him of his right to

appeal, that the district court sentenced him under a "mandatory" guideline range, that the district court did not sentence him in accordance with *Booker,* and that his offense level or criminal history category was unconstitutionally enhanced by his prior convictions. As to his contention that his attorney rendered ineffective assistance of counsel in advising him not to appeal, the record likewise refutes that contention. Therefore, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1) should be and is hereby DENIED. The clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this 9th day of August, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner/pro se
Counsel of Record